**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO PIMENTEL-HERNANDEZ, AKA Fransico Adelma, AKA Ramon Ortega Rodriguez, AKA Ramon Rodriguez-Ortega, | No.    19-72247 |
| Petitioner, | Agency No. A099-063-199 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Francisco Pimentel-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his request for a continuance

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

There was no abuse of discretion in the denial of Pimentel-Hernandez's request for a continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion).

Pimentel-Hernandez's due process claim fails because he has not established error or prejudice from the denial of the continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to review the discretionary determination that Pimentel-Hernandez did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Pimentel-Hernandez's reliance on *Guerrero-Lasprilla v. Barr*, —— U.S. ——, 140 S. Ct. 1062 (2020), is misplaced. *See Ramadan v. Gonzales*, 479 F.3d 646, 650

19-72247

(9th Cir. 2007) (application of a legal standard to undisputed facts is a legal question under 8 U.S.C. § 1252(a)(2)(D)); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) (*Ramadan* does not apply to the subjective hardship standard).

We also lack jurisdiction to consider Pimentel-Hernandez's assertions that the BIA's cancellation of removal precedent is arbitrary and inconsistent where his contention that he raised these challenges to the BIA is unsupported by the record. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below). We further reject as unsupported by the record Pimentel-Hernandez's contentions that the IJ and BIA failed to address issues, applied incorrect legal standards, or otherwise erred in the analysis of his cancellation of removal claim. Thus, the petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas*, 424 F.3d at 930.

Pimentel-Hernandez's challenge to the immigration court's jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), because he received a notice of hearing that included the time and date of his hearing.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**